## POST v. BUTLER et al.

(City Court of New York, General Term. January 12, 1895.)

STATUTE OF FRAUDS—PLEADING.

   Defendant cannot avail himself of the statute of frauds without pleading it, unless the complaint discloses an invalid agreement.

Appeal from trial term.

Action by Richard N. Post against Butler Bros. From a judgment entered on a verdict in favor of plaintiff, defendants appeal. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and CONLAN, JJ.

Kneeland & Stewart, for appellants.

J. E. Ludden, for respondent.

EHRLICH, C. J. The action was by the plaintiff to recover damages for alleged wrongful discharge. The main questions litigated were —First, whether the hiring was by the year; and, second, whether the defendants were authorized to discharge the plaintiff before the expiration of the term stated. The jury found on both issues in favor of plaintiff, on evidence which satisfactorily sustains their finding.

The defendants urge that the contract was one which, by its terms, could not be performed within a year, and was therefore void by statute. The rule is that when the complaint does not, as in this case, disclose an agreement invalid upon its face, the defendant must take the objection by answer, and, if not taken that way, it is deemed to have been waived. The defendants did not plead the statute, and thereby waived the benefit of it. Porter v. Wormser, 94 N. Y. 431, 450; Hamer v. Sidway, 124 N. Y. 538, 548, 27 N. E. 256; Wells v. Monihan, 129 N. Y. 161, 29 N. E. 232.

The exceptions taken appear to be without merit. The case went to the jury on a fair charge, and their verdict was for the damages legally assessable. The judgment must therefore be affirmed, with costs. All concur.